IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL RICHARDSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. CV-05-338 |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CO., NATIONAL | * | |
| ASSOCIATION FOR THE SELF | * | |
| EMPLOYED, et al., | * | |
| | * | |
| Defendants. | * | |

## **NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION:

COME NOW, defendants in the above-styled cause, The MEGA Life and Health Insurance Company (erroneously identified in the Complaint as "The MEGA Life and Health Insurance Co.") ("MEGA") and National Association for the Self-Employed, Inc. (erroneously identified in the Complaint as "National Association for the Self Employed") ("NASE"), by and through their undersigned counsel, appearing specially so as to reserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the Circuit Court of Clarke County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, and in support hereof, respectfully show unto this Court the following matters and facts, to-wit:

Plaintiff filed this action on October 26, 2004, in the Circuit Court of Clarke County, Alabama, being Case No. CV-2004-228, against MEGA, NASE and certain fictitious defendants. In a six-count Complaint, Plaintiff alleges that defendants misrepresented to him that he was applying and paying for health insurance, but that he was not supplied with health insurance, alleging misrepresentation and/or suppression, deceit and outrage. In addition to compensatory and punitive damages, Plaintiff also seeks costs.

The Circuit Court's records reflect service of process on November 12, 2004 on each of the two named defendants. On December 9, 2004, MEGA and NASE removed this case to federal court based on federal diversity jurisdiction. On December 28, 2004, the plaintiff filed a motion to remand. After the parties filed their respective briefs, the Court entered an Order on February 1, 2005, remanding the case to the Circuit Court of Clarke County after determining that the amount in controversy requirement for federal diversity jurisdiction had not been satisfied.

After remand, on March 4, 2005, MEGA and NASE served a first set of interrogatories, requests for production of documents, and requests for admission on the Plaintiff. On May 9, 2005, the Plaintiff served his responses to that written discovery. <u>Based, inter alia, on the Plaintiff's responses to the defendants' requests for admission (as discussed in greater detail herein), the defendants hereby remove this action again to federal court.</u> This Notice is being filed by MEGA and NASE in the United States District Court for the Southern District of Alabama, Southern Division, within thirty (30) days of service of the Plaintiff's discovery responses on MEGA and NASE, which is within the time allowed by law for the removal of this civil action to the United States District Court. A certified copy of the state court's entire file for this matter is attached hereto as Exhibit A.

2

Pursuant to 28 U.S.C. §§ 1441 and 1446, MEGA and NASE file this Notice of Removal with the Court. This Court has diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 in that MEGA, NASE and the Plaintiff are all residents and citizens (both individual and corporate) of different states, and the amount in controversy exceeds the jurisdictional requisite of $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

According to the Complaint, Plaintiff Carl Richardson is an adult resident citizen of the State of Alabama. *See* Exhibit A, Complaint at ¶ 1.

Defendant, The MEGA Life and Health Insurance Company, is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in the State of Texas.

Defendant, National Association for the Self-Employed, Inc., is a non-profit corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

The fictitious defendants identified as "Fictitious Defendants 'A', 'B', 'C', 'D' and 'E'" in the Complaint may not be considered for purposes of citizenship, pursuant to 28 U.S.C. § 1441(a). *See generally Collins v. Fingerhut Companies, Inc.*, 117 F. Supp. 2d 1283 n.1 (S.D. Ala. 2000)("fictitious party pleading in not generally recognized under the Federal Rules of Civil Procedure").

Complete diversity exists among the named parties in this lawsuit.

## **AMOUNT IN CONTROVERSY**

Plaintiff's Complaint seeks compensatory and punitive damages for fraud, misrepresentation, suppression of material facts, and outrage with regard to Plaintiff's enrollment as a member of NASE, plus costs.  *See* Exhibit A, Complaint.  Since the Plaintiff has made an unspecified demand for damages, the burden of proof that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement is by a preponderance of the evidence.  *See Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)(*abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000)).  As shown herein, MEGA and NASE have satisfied their burden of proving by a preponderance of the evidence that the amount in controversy has been satisfied.

    A.    <u>Plaintiff's Discovery Responses in State Court are Qualified as to the Amount in Controversy</u>.

On December 9, 2004, the defendants removed this case to federal court.  On December 14, 2004, the Court entered an Order requesting additional briefing to determine the existence of the jurisdictional amount in controversy.  On December 28, 2004, the Plaintiff filed a motion to remand as well as a supporting brief.

In his brief in support of remand, the Plaintiff asserted that he had reinstated his health insurance through his employment and had no claims for coverage between cancelling his NASE membership and re-enrolling in his employer's health plan.  Plaintiff's Brief at 1-2.  Furthermore, the Plaintiff's attorney submitted that "he [could] see no way where the Plaintiff could be awarded $75,000.00 from any jury in any venue." *Id.* at 2.  Moreover, Plaintiff's

counsel expressly represented to the court that the Plaintiff "will not demand nor ask for [$75,000.00 or more] for his claim against these Defendants." *Id.*

On February 1, 2005, this Court entered an Order remanding the case to the Circuit Court of Clarke County, after determining that the amount in controversy requirement for federal diversity jurisdiction had not been satisfied.  In its Order, the Court pointed out that the Plaintiff did not allege that he was unable to reinstate his original insurance after learning of the defendants' alleged deception or that he had a non-covered insurance claim of any kind as a result of the defendants' alleged acts.  Order at 6.  Instead, the Plaintiff indicated that he was able to renew his health insurance through his employment with no disruption and that no claims fell within the "gap" in coverage. *Id.* at 7.  This Court, in remanding the case, found that where a "plaintiff's counsel represents to a federal court that [the plaintiff] does not seek damages in excess of the jurisdictional minimum, that representation is generally entitled to considerable deference." (citations omitted) *Id.*  In fact, the Court held that Plaintiff's "counsel having advised the Court that [the plaintiff would] not seek damages in excess of $75,000 at trial, such an assertion, in and of itself, goes a long way towards foreclosing federal jurisdiction under 28 U.S.C. § 1332.  (footnote omitted) *Id.* at 8.  It is noteworthy for purposes of this second removal that the Court also indicated in its Order that "defense counsel would be prudent promptly to explore discovery in state court designed to "lock in" plaintiff's damages claimed below the $75,000 threshold, well before expiration of the one-year deadline for diversity removal pursuant to 28 U.S.C. § 1446(b)." *Id.* at n.8.

After the case was remanded to state court, on March 4, 2005, counsel for defendants served a first set of interrogatories, requests for production of documents, and requests for admission on the Plaintiff.  The requests for admission were discovery requests designed

specifically to "lock in" the plaintiff's damages claims, particularly that he would not seek or accept damages in excess of $75,000.00.

On May 9, 2005, the Plaintiff served the following discovery responses (emphasis added):

REQUEST FOR ADMISSIONS

1. Admit that your total damages do not exceed $75,000.00.

**At present, admitted.**

2. Admit that you are not seeking to recover a combined sum or value from MEGA, NASE and any other later-added defendant in an amount greater than $75,000.00 on any and all claims, in the aggregate, as alleged in your Complaint, including interest and the costs of this lawsuit.

**At present, admitted.**

3. Admit that you will not accept, notwithstanding any judgment rendered by a jury or by the Court, an amount any greater than $75,000.00 on any and all claims, in the aggregate, as alleged in your Complaint, including interest and the costs of this lawsuit.

**At present, admitted.**

4. Admit that if there is a judgment rendered in your favor by a jury or by the Court in an amount greater than $75,000.00 on any or all claims alleged in your Complaint, including interest and the costs of this lawsuit, you will not execute on any such judgment and will agree to a remittitur of such amount so that the final judgment is no greater than $75,000.00.

**At present, admitted.**

The Plaintiff therefore failed or refused to serve unqualified discovery responses that he is not seeking or will not accept damages in excess of $75,000.00 in this case. *See* copy of Plaintiff's Discovery Responses attached as Exhibit B (without the documents produced therewith).

The parties have initiated settlement negotiations for this case. Undersigned counsel was informed by Plaintiff's counsel that after remand, he learned that the Plaintiff did not and purportedly cannot reinstate his health insurance through his employment until March of 2006, due to a certain provision in that health plan. As a result, the Plaintiff will no longer unqualifiedly assert that the amount in controversy is $75,000.00 or less, the primary reasons being that he is unable to renew his health insurance through his employment, and that he, his wife and/or his three children may have non-covered insurance claims during the gap in coverage.

Thus, when the defendants proceeded to follow this Court's suggestion and explore discovery in state court to "lock in" the Plaintiff's damages before the expiration of the one-year deadline for diversity removal, the Plaintiff refused to "lock in" the damages being sought in this case to an amount below the federal jurisdictional threshold, as evidenced by his sworn discovery responses in state court, and unlike the assertion he made to this Court in his remand brief. *See* Exhibit B. The Plaintiff is now reserving the right to seek or accept more than $75,000.00. Based upon that change in position, as well as the types of claims alleged and damages sought in the Complaint, the defendants have satisfied their burden to show by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement.

B.     <u>Plaintiff is Seeking Unlimited Punitive Damages</u>.

Plaintiff is seeking an unlimited amount for punitive damages. The Eleventh Circuit Court of Appeals agrees that punitive damages must be considered in determining whether the jurisdictional amount has been met for removal purposes, unless it is apparent to a legal certainty that such damages cannot be recovered. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987). In a diversity case, a court is required to look to state law to determine the nature and extent of the damages to be awarded. *See, e.g., Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 352-53, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961)*; Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986). Such requirement directs the application of the forum state's rules regarding the measure of damages and the availability of punitive damages.

It is undisputed that under Alabama law, punitive damages may be claimed in actions for misrepresentation and/or suppression in the insurance context, and that Alabama juries have awarded damages far in excess of this Court's jurisdictional threshold. *See, e.g., Liberty National Life Ins. Company v. McAllister*, 675 So. 2d 1292 (Ala. 1995)(in an insurance misrepresentation and fraudulent suppression case, the court affirmed the $1,000,000 punitive damage award, where the plaintiff sued the insurer alleging that it had induced her to switch to a different policy, which reduced or eliminated important benefits available under the older policy), *cert. dismissed*, 516 U.S. 1035 (1995); *Allstate Insurance Company v. Hilley*, 595 So. 2d 873, 879 (Ala. 1992)(in an action against an insurer for fraudulent misrepresentation, the court affirmed the $2,000,000 jury verdict, based on the insurer's agent's representation about the policy's benefits, noting that "for all the Court knows, an additur may be appropriate in order to foster the primary purpose of punitive damages"); *see also* Affidavit of James W. Lampkin II,

attached as Exhibit B to the defendants' initial Notice of Removal; Affidavit of Tracy P. Turner, attached as Exhibit A to the defendants' Brief in Support of Opposition to Plaintiff's Motion to Remand.  As evidenced by these opinions and Affidavits, an insurance case such as the present one seeking compensatory and punitive damages in Alabama for purported misrepresentations by the selling agent, asserting claims for fraud, misrepresentation, suppression of material facts, and outrage, creates a situation where the amount in controversy exceeds $75,000.00.

The defendants thus have identified other similar lawsuits in Alabama where the jury verdicts exceeded $75,000.00, and also presented evidence in the form of affidavits to further support the fact that the amount in controversy exceeds $75,000.00, particularly given the Plaintiff's unlimited demand for punitive damages.  The affidavits concern the potential value of fraud cases in Alabama and provide proof, in the form of opinions by experienced Alabama attorneys, that the amount in controversy in the present case exceeds $75,000.00.  These types of proof are acceptable forms of establishing the amount in controversy.  In *Kirkland v. SSL Americas, Inc.*, 263 F. Supp. 2d 1326 (M.D. Ala. 2003), the Court concluded that the defendants met their burden of proof by including other cases where the Alabama Supreme Court had affirmed compensatory damages for mental anguish and punitive damages arising out of fraud claims in amounts exceeding $75,000.00.  *Kirkland*, 263 F. Supp. 2d at 1333 (citing *Ford Motor Co. v. Sperau*, 708 So. 2d 111 (Ala. 1997); *Life Ins. Co. of Georgia v. Johnson*, 701 So. 2d 524 (Ala. 1997); and *Duck Head Apparel Co., Inc. v. Hoots*, 659 So. 2d 897 (Ala. 1995)).  *See also Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255 (M.D. Ala. 2001)(cases cited in notice of removal were sufficient to meet the defendants' burden of proving the amount in controversy). In *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M.D. Ala. 1999), the Court held that the

defendants met their burden of proving the amount in controversy by submitting an affidavit of a law school professor concerning an analysis of Alabama jury verdicts.

Moreover, Alabama law gives the jury the discretion to determine the amount of compensatory damages for misrepresentation and/or suppression as well as punitive damages. A jury is not limited to awarding damages in the amount sought in the plaintiff's complaint. *See* Turner Affidavit. A trial court cannot reduce a verdict exceeding the amount demanded solely on the basis that the verdict exceeds the amount demanded by the plaintiff's complaint. *See Fuller v. Preferred Risk Life Ins. Co.*, 577 So. 2d 878 (Ala. 1991)(trial court erred in reducing the verdict to the amount stated in the complaint). In *Fuller*, the Alabama Supreme Court held that "[t]he adoption of the Alabama Rules of Civil Procedure in July 1973 ensured that the relief available to a plaintiff was not limited by the pleadings filed by his attorney" (citations omitted). *Fuller*, 577 So. 2d at 883. Here, the Plaintiff in his remand brief indicated to this Court that he was not seeking more than $75,000.00 for his claims in this matter. The case was remanded to state court. However, once back in state court, the Plaintiff qualified that position and refuses to limit his damages below the $75,000.00 federal jurisdictional threshold, other than at the present time.

The Plaintiff's Complaint asserts claims for misrepresentation and suppression of material facts and seeks compensatory as well as punitive damages. If the Plaintiff is successful in proving the claims asserted, a jury in Clarke County could award compensatory damages as well as punitive damages if warranted under Alabama law. In fact, a Clarke County jury could return a verdict for compensatory damages alone that exceeds $75,000.00. That does not include the possibility of a punitive damage award if the Plaintiff is successful in satisfying the requisite evidentiary burden to support the submission of the demand for punitive damages to the jury.

    C.    <u>Plaintiff's Claims Allow for Recovery of Unlimited Emotional Distress Damages on his Fraud Claims</u>.

As discussed herein, the Plaintiff has asserted various claims, including claims that could be construed as fraud claims under Alabama law. The Plaintiff has alleged that he suffered damages "which are cognizable at law in the State of Alabama." Plaintiff's Complaint is not a model of pleading efficacy but may be sufficient to state claims for the various causes of action. Assuming for the sake of argument that Plaintiff's Complaint meets the necessary pleading requirements, the claims asserted allow for the recovery of damages for emotional distress on the fraud claims; furthermore, under Alabama law, the amount awarded for emotional distress is left to the discretion of the jury. *See First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997); *Duck Head Apparel Co., Inc. v. Hoots*, 659 So. 2d 897 (Ala. 1995)(under Alabama law, emotional distress damages are recoverable on fraud claims). In *Spivey*, the court considered the defendant's argument that the compensatory damage award on plaintiff's fraud claim was excessive and affirmed the award. The court determined that approximately $450,000 of the $500,000 compensatory award was based on emotional distress damages. *Spivey*, 694 So. 2d at 1326. The court noted that "[t]here is no fixed standard for ascertaining the amount of compensatory damages that may be awarded for emotional distress. The determination of how much to award is left to the sound discretion of the jury, subject to review by the court for a clear abuse of that discretion." *Id.*; *see also* Lampkin and Turner Affidavits.

In summary, based on the Plaintiff's discovery responses in state court, the unlimited demand for punitive damages in this insurance fraud case, and the possible recovery of unlimited emotional distress damages on those fraud claims as part of a compensatory damage award,

MEGA and NASE have demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

Contemporaneously with the filing of this Notice of Removal, MEGA and NASE will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Clarke County, Alabama, in accordance with 28 U.S.C. § 1446(d).

MEGA and NASE reserve the right to amend this Notice of Removal as deemed necessary or appropriate.

## **CONCLUSION**

This Court has jurisdiction in this case.  Complete diversity exists among Plaintiff, MEGA and NASE.  In addition, MEGA and NASE have shown that the amount in controversy for federal diversity jurisdiction is satisfied.  Federal diversity jurisdiction exists and MEGA and NASE are entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.  MEGA and NASE should not be deprived of their constitutional right to a federal forum in this case under Article III of the United States Constitution.

WHEREFORE, premises considered, MEGA and NASE pray that the above-referenced cause now pending against them in the Circuit Court of Clarke County, Alabama, be removed to the United States District Court for the Southern District of Alabama, Southern Division.

*/s/ Pamela A. Moore*_____
JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
Attorneys for Defendants
The MEGA Life and Health Insurance Company
and National Association for the Self-Employed, Inc.

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2005, the foregoing document was electronically filed with the Clerk of the United States District Court, Southern District, Southern Division using the CM/EMF system, and that I have served a copy of the foregoing on counsel for plaintiff by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid, as follows:

Philip G. Perkins, Esq.
The Law Offices of Stuart C. DuBose, P.C.
Post Office Box 156
Thomasville, Alabama 36784

Done this 7th day of June, 2005.

*/s/ Pamela A. Moore*_____
COUNSEL